UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| SHAWN MCCOY, No. 54404-054 ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 2:19-cv-425 |
| ) | |
| MARK J. BOLSTER, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner Shawn McCoy's ("Petitioner") Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 ("the Petition"), ECF No. 1, and the Respondent Mark J. Bolster ("Respondent") Motion to Dismiss and memorandum in support ("Motion to Dismiss"), ECF Nos. 8-9. Petitioner filed a response to Respondent's Motion to Dismiss. ECF No. 12. The matter was referred for disposition to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. For the following reasons, the undersigned **RECOMMENDS** that Memorandum in Support of Motion to Dismiss, ECF No. 8, be **GRANTED** and the Petition, ECF No. 1, be **DISMISSED WITH PREJEDICE.**

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 28, 2005, a jury sitting in the United States District Court for the Southern District of New York ("the Trial Court") convicted Petitioner on four counts: (1) conspiracy to distribute and to possess with the intent to distribute fifty grams and more of crack cocaine, in violation of 21 U.S.C. § 846; (2) intentional murder while engaged in a major drug conspiracy, in violation of 21 U.S.C. § 848(e)(1)(A); (3) murder in the course of using and carrying a firearm, in violation of 18 U.S.C. §§ 924(i)[1] and (2); and (4) discharge of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and (2). *See* ECF No. 1 at 2; ECF No. 9, attach 1 at 2-3. The trial court sentenced Petitioner to a total of 396 months of imprisonment—which included a term of 276 months imprisonment on each of Counts One, Two, and Three to run concurrently with each other, and 120 months imprisonment on Count Four to run consecutively to the sentences on the other counts. *See* ECF No. 1 at 3; ECF No. 9 attach. 1 at 4. Petitioner appealed, and on November 24, 2008, the Second Circuit upheld Petitioner's conviction and sentence. *See* ECF No. 9 at 2; *McCoy v. United States*, No. 02CR1372, 2017 WL 1291766, at *1 (S.D.N.Y. Apr. 7, 2017).

On June 30, 2016, Petitioner filed a petition pursuant to 28 U.S.C. § 2255 in the Southern District of New York that asserted the statute of conviction for discharge of a firearm in furtherance of a drug trafficking crime was impermissibly vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). *McCoy v. United States*, 1:16cv5226, ECF No. 2 at 3 (S.D.N.Y. July 8, 2016). The district court denied the petition, ruling that § 924(c) is not impermissibly vague and thus, *Johnson* does not apply. *McCoy v. United States*, No. 02CR1372, 2017 WL 1291766, at *2 (S.D.N.Y. Apr. 7, 2017). No certificate of

---

[1] Petitioner was charged and convicted under 18 U.S.C. § 924(i), which is now codified at 18 U.S.C. § 924(j).

2

appealability was issued. *Id.* at *3.

On February 14, 2018, Petitioner filed a "Motion to Dismiss Counts One and Four" in the Southern District of New York. *McCoy v. United States*, 1:16cv5226, ECF No. 13 (S.D.N.Y. Feb. 14, 2018). Petitioner raised a double jeopardy claim, asserting that Count One should be dismissed as a lesser included offense of Count Two. *Id.* He argued that if Count One were to be dismissed, Count Four must also be dismissed because Count Four would subsequently lack the necessary underlying drug offense absent a conviction under Count One. *Id.* The district court construed Petitioner's motion as a successive § 2255 motion, which requires authorization from the Court of Appeals. *McCoy v. United States*, 1:16cv5226 ECF No. 14 (S.D.N.Y. March 12, 2018). The Second Circuit dismissed Petitioner's subsequent motion for leave to file a second § 2255 petition. *McCoy v. United States*, 180727, ECF No. 16 (2d Cir. July 12, 2018). The Second Circuit held that Petitioner had not satisfied the requirements for 28 U.S.C. § 2255(h) because the cases cited by Petitioner had been decided before he filed his direct appeal and first § 2255 motion. *Id.* at 2. The Second Circuit also reasoned that Petitioner's argument regarding *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), was invalid because that decision only pertains to a "crime of violence" and not a "drug trafficking crime." *Id.*

On August 13, 2019, Petitioner filed the instant petition under 28 U.S.C. § 2241, requesting that his § 924(c) sentence be vacated. ECF No. 1. Therein, Petitioner appears to assert four "grounds for relief", however, those grounds set forth the four-prong test from *United States v. Wheeler*, 886 F.3d 414, 419 (4th Cir. 2018). Accordingly, the Court will consider the Petition as asserting a single claim for relief: that his "duplicitous § 924(c) sentence be vacated and an amended judgment entered." ECF No. 1 at 6. In support of this claim, Petitioner asserts he satisfies the *Wheeler* test because: (1) at the time of sentencing, settled law established the legality of his

3

sentence and as such, he satisfies the first requirement set forth under the "Savings Clause" provision in *Wheeler* (ECF No. 1 at 3); (2) subsequent to his direct appeal and his first § 2255 appeal, the substantive law changed and that change applies retroactively to cases on collateral review (ECF No. 1 at 4); (3) asserts he is unable to meet the gatekeeping provisions of 28 U.S.C § 2255(h)(2), so he may seek relief through 28 U.S.C § 2241 (ECF No. 1 at 5); and (4) under *United States v. Jackson*, 658 F.3d 145, 149 (2d Cir. 2011), his sentence now violates the double jeopardy clause and presents an error sufficiently grave to be a fundamental defect (ECF No. 1 at 6).

## II. DISCUSSION

Section 2241 authorizes the federal court to issue a writ of habeas corpus to state and federal prisoners who are "in custody in violation of the Constitution of laws or treaties of the United States." More specifically, a § 2241 habeas petition "challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention, and prison conditions." *Gonzalez-Martinez v. Drew*, No. 8:11-cv-00437, 2011 U.S. Dist. LEXIS 151351, 2011 WL 6982247, at *4 n.1 (D.S.C. Dec. 16, 2011) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)); *see also In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("Attacks on the execution of a sentence are properly raised in a § 2241 petition."). A prisoner must file a § 2241 habeas petition in the federal district where he is in custody. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2006); *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989).

A motion under § 2255 provides the primary means for a prisoner to collaterally attack his federal conviction and sentence. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam). A petitioner typically cannot file a second or successive habeas petition challenging the same

conviction or sentence. *See* 28 U.S.C. § 2255(h); *see generally Sanders v. United States*, 373 U.S. 1 (1963) (discussing and second or successive petitions). However, a petitioner can file a second or successive § 2255 petition if he receives proper certification from the Circuit Court of Appeals in the District that sentenced him:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Proceeding under § 2241 to challenge a federal conviction and sentence is limited, and a federal inmate must first demonstrate that the remedy afforded by § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citing *In re Jones*, 226 F.3d at 333 ("Habeas petitions are usually filed under § 2255 in the court that imposed the prisoner's sentence. When § 2255 'appears . . . inadequate or ineffective to test the legality of his detention,'...a federal prisoner may seek habeas relief from the court in the district of his confinement under § 2241."). A petitioner may only proceed under § 2241 where "he had no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). If a petitioner "had an unobstructed procedural shot at filing a § 2255 motion to take advantage of such a change," then he may not proceed under § 2241 and the court has no jurisdiction to consider the claim. *Id.* Section 2255 is not inadequate or ineffective, however, merely because the petitioner is unable to obtain relief or is procedurally barred under § 2255. *In re Vial*, 115 F.3d 1192, 1194 n.4 (4th Cir.

5

1997). In *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018), the court set out a four-part test to determine if a petitioner may challenge the legality of sentencing errors under § 2241:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the petitioner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or consecutive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id.*

With respect to the first prong, Petitioner contends that at the time of his sentencing, it was well-settled Second Circuit law that receiving a sentence under both 18 U.S.C. § 924(c) and 18 U.S.C. § 924(j) was proper. ECF No. 1 at 4. Respondent concedes that at the time of sentencing, Second Circuit settled law did actually establish the legality of the sentence. ECF No. 9 at 5. The undersigned agrees. At the time Petitioner was sentenced, it was *not yet* established in the Second Circuit that 18 U.S.C. §924(j) and 18 U.S.C. § 924(c) should merge, and subsequently imposing a sentence on both counts would be improper. *See United States v. Parkes*, 497 F.3d 220, 234 (2d Cir. 2007); *United States v. Jackson*, 658 F.3d 145, 149 (2d Cir. 2011). Because settled law established the legality of Petitioner's sentence, Petitioner satisfies the first prong of the *Wheeler* test.

As for the second prong of *Wheeler*, Petitioner argues that subsequent to the direct appeal and first § 2255 motion, the substantive law changed and that law applies retroactively to cases on collateral review. ECF No. 1 at 5. Petitioner cites *United States v. Jackson*, 658 F.3d 145, 149 (2d Cir. 2011), as the case that changed Second Circuit substantive law. *Id.* However, as Respondent argues, Petitioner cannot meet this prong because *United States v. Jackson* was

6

decided in 2011, which was before Petitioner had filed his first § 2255 petition. *See* ECF No. 9 at 5.

In *Jackson*, the Second Circuit noted that at sentencing, a § 924(j) "count was merged with the lesser included offense of the use of a firearm in connection with drug trafficking crime § 924(c)." *United States v. Jackson*, 658 F.3d 145, 149 (2d Cir. 2011). *Jackson* was available for the Petitioner to cite in his first § 2255 motion, but he did not do so. *McCoy v. United States*, 1:16cv5226, ECF Nos. 1-2 (S.D.N.Y July 19, 2016).

Additionally, as Respondent notes, Petitioner cannot meet the second *Wheeler* prong because his claim was also available to him during the pendency of his direct appeal. The Second Circuit decided *United States v. Parkes* in 2007, and Petitioner's direct appeal was not final until 2008. In *Parkes*, the Second Circuit specifically held that "because 18 U.S.C § 924(c) is a lesser included offense of 18 U.S.C. § 924[j], the district court erred by imposing sentences on both. . . consequently, we [the Second Circuit] vacate the sentence and remand for re-sentencing." *Id.* at 234. Because Petitioner's double jeopardy claim was available to him during his direct appeal and before he filed his initial § 2255 motion, he cannot meet the second *Wheeler* prong.

Petitioner contends that he satisfies the third *Wheeler* prong because he is unable to meet the gatekeeping requirement for second § 2255 motions. ECF No. 1 at 5. Pursuant to § 2255(h)(2), a Petitioner may only be granted permission to file a second or successive habeas petition if he can demonstrate that there is a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(2). Petitioner argues that the Supreme Court has not declared *Jackson* retroactively applies, nor is *Jackson* a rule of constitutional law, so his only viable option is filing a § 2241 petition. ECF No. 1 at 6. Respondent argues that Petitioner's claim *does* derive from the Constitution through the double

7

jeopardy allegation, and not from a statutory change that would allow for a § 2241 motion to be filed. ECF No. 9 at 6.

The undersigned agrees with the Respondent. The foundation of Petitioner's allegations rests upon 18 U.S.C. § 924(c) being considered a lesser offense of 18 U.S.C. §924(j) and any sentence imposed on both charges would necessarily be a violation of double jeopardy. ECF No. 1. The Double Jeopardy Clause is found in the Fifth Amendment to the U.S. Constitution and provides that "no person shall. . . be subject for the same offense to be twice put in jeopardy of life or limb. . . ." U.S. Const. amend. V. Because Petitioner's claim does not derive from a statutory change made by the legislature, he fails to meet the third prong from *Wheeler*.

As for the fourth *Wheeler* prong, Petitioner alleges that under *Jackson*, his sentence is now an error sufficiently grave to be considered a fundamental defect. ECF No. 1 at 7. Petitioner contends that if the Court grants his Petition, the 18 U.S.C § 924(c) charge will merge with 18 U.S.C. § 924(j) as a lesser included offense, and as such, the § 924(c) charge and its mandatory minimum sentence of 120 months running consecutively will be vacated. ECF No. 12 at 6. Respondent argues that Petitioner's sentence would not change—rather, Counts Three and Four would merge, and the resulting § 924(j) charge would still require the same mandatory 120-month sentence to run consecutively to the 276-month sentence under Count One and Count Two. ECF No. 9 at 7.

Respondent is correct. The Second Circuit has held that § 924(j)(1)'s "unqualified reference to § 924(c) incorporates the entirety of that subsection, including the enhanced penalties," referring to mandatory minimum sentences and consecutive sentences. *United States v. Young*, 651 F. Appx. 85, 93 (2d Cir. 2014)[5]. To read § 924(j) as not requiring the mandatory

---

[5] Almost every Circuit Court to consider this issue has held the same. *See e.g., United States v. Bran*, 776 F3d 276, 281 (4th Cir. 2015) (citing cases).

minimum sentence and consecutive sentence that § 924(c) does, would mean that a defendant convicted of the more serious charge of "murder in the course of using and carrying firearm" would carry a lesser sentence than the charge of "discharge of a firearm in furtherance of a drug trafficking crime". "To read § 924(j) in this way would give rise to a truly absurd result with perverse incentives . . .". *United States v. Bran*, 776 F. 3d 276, 282 (4th Cir. 2015). In sum, even if the 120-month sentence applied to Petitioner's § 924(c) conviction (Count Four) is merged with Petitioner's § 924(j) conviction (Count Three), Petitioner will remain subject to a mandatory minimum of 120 months for his § 924(j) conviction, and that sentence will run consecutively to his sentences for Counts One and Two. Because Petitioner's requested remedy would mandate the exact same sentence, Petitioner cannot show there has been an error sufficiently grave to be deemed a fundamental defect, and Petitioner fails to satisfy the fourth prong from *Wheeler*.

In sum, the instant petition fails to meet the *Wheeler* criteria and therefore this Court is without jurisdiction to consider it.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 8, be **GRANTED** and the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

### IV. OUTSTANDING MOTION

On November 29, 2019, Petitioner filed a Motion for Due Process. ECF No. 5. Therein, Petitioner requests that the Court issue an Order directing Respondent to respond to the Petition. *See* ECF No. 5. On December 5, 2019, the Court ordered Respondent to answer the Petition. ECF No. 6. Therefore, Petitioner's Motion for Due Process, ECF No. 5, is **DENIED as MOOT.**

## V. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen days from the date of mailing of this Report and Recommendation to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of these Rules. A party may respond to another party's specific objections within fourteen days after being served with a copy thereof. *See* FED. R. CIV. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely objections to the preceding findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019, 106 S. Ct. 567 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208, 104 S. Ct. 2395 (1984).

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
July 1, 2020